**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRUCE FLYNN,

                Plaintiff,

      v.                                             8:11-CV-1036
                                                      (TJM/DRH)

DEBRA A. JAMES; GEORGE DYER, Investigator,
NYS Police Department; MICHAEL MADORE,
Investigator, NYS Police Department; JOSHUA FOWLER,
NYS Trooper; and McCARTY, NYS Trooper,

                Defendants.

APPEARANCES

BRUCE FLYNN
Plaintiff pro se
10-A-1558
Green Haven Correctional Facility
Post Office Box 4000
Stormville, New York 12582

DAVID R. HOMER
U.S. Magistrate Judge

# REPORT-RECOMMENDATION AND ORDER

## I. Background.

Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Bruce Flynn ("Flynn" or "plaintiff"). Flynn has not paid any fee relating to this action. Dkt. Nos. 1, 2.

Flynn brings this action alleging claims of an illegal search and seizure of his vehicle and home, and due process violations. For a complete statement of Flynn' claims, reference is made to the complaint. Dkt. No. 1.

## II.  Initial Screening

The Court has reviewed Flynn' *in forma pauperis* application.  See Dkt. No. 2. Because Flynn sets forth sufficient economic need, the Court finds that Flynn qualifies to proceed *in forma pauperis*.

Having found that Flynn meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  See id.

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983").  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.  *Spear v. Town of West Hartford*, 954 F.2d 63, 68

(2d Cir. 1992); *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142).

### III. Defendant Debra A. James

Defendant Debra A. James is identified by Flynn as his ex-girlfriend. Flynn alleges that James called the police after Flynn entered her residence uninvited and forced his way into the house. *See* Dkt. 1 at 4, 5. Flynn has not alleged that defendant James acted under color of state law or conspired with the named defendants to violate Flynn's constitutional rights. Accordingly, defendant James should be dismissed from this action.

### III. Conclusion

WHEREFORE, it is hereby

**RECOMMENDED** that the claims against named-defendant Debra A. James be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. 5.4(a);  and it is further

**ORDERED** that Flynn' *in forma pauperis* application is granted.[1]  The Clerk shall issue summonses and forward them, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining named defendants; the Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this order; and it is further

**ORDERED** that the Clerk is directed to schedule a Rule 16 conference before the assigned Magistrate Judge, and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

---

[1] Flynn should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

**ORDERED** that the Clerk serve plaintiff with a copy of this report-recommendation by regular mail and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**SO ORDERED.**

Dated: October 3, 2011
       Albany, New York

*David R. Homer*
United States Magistrate Judge