UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE FLYNN,

                              Plaintiff,

      v.                                                    8:11-CV-1036

DEBRA A. JAMES et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Bruce Flynn commenced this action *pro se* pursuant to 42 U.S.C. § 1983, asserting claims of an illegal search and seizure of his home and property. Presently, before the Court is Defendants' motion to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). The Court also reviews the Complaint pursuant to 28 U.S.C. § 1915A.

## I.     FACTS

The following facts are taken from Plaintiff's Complaint and, for purposes of the instant motion, are deemed to be true.

On October 8, 2009 at approximately 10:00 a.m., Plaintiff entered the residence of Debra James holding an item wrapped in a blanket. Plaintiff revealed the item showing that it was a rifle. Plaintiff pointed the rifle at Ms. James, forced her to kneel on the floor and to beg for her life. After approximately forty minutes, Plaintiff departed the residence without shooting Ms. James.

Ms. James reported the incident to the police. Defendants New York State Troopers Fowler and McCarty found Plaintiff driving a motor vehicle in Plattsburgh, New York. They stopped his vehicle and took him into custody. Plaintiff then invoked the right to counsel. Later on, however, Plaintiff gave the police consent to search his residence. Defendants New York State Investigators Dyer and Madore searched Plaintiff's home and found a .40 caliber rifle with ammunition.

On January 6, 2010, Plaintiff negotiated a plea agreement in exchange for a determinate ten year sentence. Plaintiff entered a plea of guilty to burglary in the second degree and criminal use of a firearm in the second degree.

On August 31, 2011, Plaintiff filed the instant Complaint asserting that Defendants violated his Constitutional rights. Plaintiff claims that Troopers Fowler and McCarty are liable under the Fourth Amendment for a false arrest, investigator Madore is liable under the Fifth Amendment for unlawfully obtaining Plaintiff's consent to search his home, and investigators Madore and Dyer are liable under the Fourth and Fourteenth Amendments for illegally searching Plaintiff's home and seizing his property. Lastly, Plaintiff seeks the return of his rifle and ammunition.

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. " '[T]he pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009) (quoting Twombly, 550 U.S. at 570).

A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S.Ct. at 1949. Legal conclusions must be supported by factual allegations. Id. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

In reviewing the allegations in a complaint drafted by a *pro se* litigant, the Court construes the pleading liberally.  See e.g. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

Pursuant to 28 U.S.C. § 1915A, the Court is required to review a prisoner's complaint in which redress is sought from a governmental entity or an officer or employee of a governmental entity, to identify cognizable claims or dismiss the complaint if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

With these standards in mind, the Court will now address Plaintiff's Complaint.

## III.    DISCUSSION

Because Plaintiff asserts that Defendants violated his Constitutional rights, his claims are properly analyzed under 42 U.S.C. § 1983.  To state a valid claim under §1983, Plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state of law; and (2) the conduct deprived Plaintiff of a right guaranteed under the Constitution of the United States."  Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993)).

The Court will address each of Plaintiff's claims under §1983 *seriatim*.

### a.    False Arrest

Plaintiff asserts that he was falsely arrested by Troopers Fowler and McCarty because the arrest was executed without a warrant.

The Fourth Amendment provides a source for a claim under section 1983 if the factual allegations are based upon false arrest.  Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997)(citing Albright v. Oliver, 510 U.S. 266 (1994)).  To state a claim for false arrest, Plaintiff must show that (1) Defendant intended to confine him; (2) Plaintiff was conscious of the confinement; (3) Plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.  Shain v. Ellison, 273 F.3d 56, 68 (2d Cir. 2001) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)).

Privilege includes an arrest made on probable cause. Id. Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing the crime." Id. The arresting officer may rely on the victim's allegations as probable cause to arrest. Ellison, 273 F.3d at 68 (citing Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)).

In the instant case, the facts alleged in the Complaint demonstrate that the arresting officers had probable cause to arrest Plaintiff. According to Plaintiff's facts, the victim called the police station and reported that Plaintiff entered her residence with a rifle, threatened her life and subsequently left her residence with the rifle. This gave Defendants Fowler and McCarty probable cause to arrest. Accordingly, the arrest was privileged and the Complaint fails to state a claim for relief.

### b. Consent to Search

Plaintiff next claims that he was subject to an illegal search and seizure by Defendants Madore and Dyer in violation of the Fourth Amendment. Plaintiff argues that the search and seizure was illegal because Defendant Madore unlawfully obtained consent to search Plaintiff's home.

The Supreme Court held that, absent valid consent, a warrantless search and seizure in a home violates the Fourth Amendment. Payton v. New York, 445 U.S. 573, 584-90 (1980). Here, Plaintiff asserts that his consent was invalid because it was obtained subsequent to his invocation of the right to counsel. Plaintiff's consent, however, is valid because "a request for consent to search does not constitute an interrogation . . . insofar as it does not seek to elicit a self-incriminating statement." United States v. Shlater, 85 F.3d

- 5 -

1251, 1256 (7th Cir. 1996); United States v. Rodriguez-Garcia, 983 F.2d 1563, 1568 (10th Cir. 1993); United States v. Gilkenson, 431 F. Supp.2d 270 (N.D.N.Y. 2006).  Likewise, consent to search is not an incriminating statement.  United States v. Faruolo, 506 F.2d 490, 495 (2d Cir. 1974); Gilkenson, 431 F. Supp.2d at 281.  Accordingly, Defendants search and seizure of Plaintiff's property does not violate the Fourth Amendment.

### c. Additional Claims

Plaintiff's remaining claims depend on the existence of this Court's finding of a false arrest and invalid consent to the search of his residence.  Having found that there was no violation of Plaintiff's Fourth Amendment rights, his other allegations fail to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's Complaint is dismissed in its entirety.  The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: January 24, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge